UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARWAN ABDULLAHI ABDIRAHMAN,<br><br>                                  Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                                  Respondents. | Case No.:  3:26-cv-00177-RBM-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1]; AND**<br><br>**(2) DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT [Doc. 2]** |

Pending before the Court are Petitioner Marwan Abdullahi Abdirahman's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion for a Temporary Restraining Order ("TRO Motion") (Doc. 2).  The Petition and TRO Motion seek the same relief—Petitioner's release from detention and an order enjoining Respondents from removing him to a third country without notice and an opportunity to be heard.  (Doc. 1 at 14, Prayer for Relief ¶¶ 1–3; Doc. 2 at 2.)[1]  For the reasons set forth below, the Petition is **GRANTED**.

---

[1]  The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

## I.    BACKGROUND

On July 12, 2023, Petitioner, a native of Somalia, entered the United Stated and requested asylum.  (Doc. 1 at 2.)  He was then released and issued a Notice to Appear on July 13, 2023 charging him as inadmissible under § 212(a)(6)(A)(I) of the Immigration and Nationality Act ("INA") as a noncitizen "who is present in the United States without having been admitted or paroled or who arrived at a time or place other than as designated." (Doc. 5 at 2.)  Upon his release from custody, on or around July 16, 2023, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") enrolled Petitioner in Alternatives to Detention ("ATD").  (*Id*.)  "On October 3, 2023, Petitioner filed for asylum and for Withholding of Removal in his removal proceedings." (*Id*.)

On November 14, 2023, Petitioner was re-detained and has remained in ICE custody since then.  (Doc. 1 at 2.)  On June 6, 2024, an immigration judge denied Petitioner's asylum claim and ordered him removed to Somalia. (Doc. 5 at 2.)  Petitioner was granted withholding of removal to Somalia on May 28, 2025. (*Id*. at 2–3; Doc. 1 at 2.) Nonetheless, "ICE refused to release him, stating that ICE would try to remove him to a third country." (Doc. 1 at 2.)  "On October 16, 2025, Petitioner was served with a letter informing him that ICE had determined that he would remain in custody beyond the removal period because he had not demonstrated that, if released, he would not pose a significant risk of flight pending removal from the United States." (Doc. 5 at 3.)  "To date, ICE still has not told [Petitioner] of any third country that might take him." (Doc. 1 at 3; Doc. 5 at 3.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the

3:26-cv-00177-RBM-AHG

burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3).

### III.    DISCUSSION

Petitioner claims his current detention violates the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1231, and the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 5–10.) Petitioner also claims that "ICE may not remove [him] to a third country without adequate notice and an opportunity to be heard." (*Id.* at 10–14.) Respondents argue that: (1) ICE "may remove Petitioner to a third country that will accept Petitioner's removal" because removal to other countries is "impracticable, inadvisable, or impossible"; (2) "it would be premature to conclude that there is no significant likelihood of removal in the reasonably foreseeable future"; (3) even if ICE's "compliance with the regulations fell short, Petitioner has not established prejudice nor a constitutional violation"; and (4) "Petitioner's concern that he will not receive adequate notice and an opportunity to be heard prior to his third country removal is not borne out by the evidence in this case." (Doc. 5 at 4–6.)

Respondents' arguments are nearly identical to those addressed and rejected by this Court in *Azzo v. Noem*, Case No.: 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *2 (S.D. Cal. Dec. 10, 2025). There, the Court held that Respondents: (1) failed to satisfy their burden under *Zadvydas*; and (2) must provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country. *Id.* at *2. As to the *Zadvydas* claim, the Court found the petitioner adequately demonstrated there was "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" because ICE had been unable to deport him or "even identify a third country to deport him to." *Id*. at *3 (citation omitted). Respondents also failed to sufficiently rebut the petitioner's showing under *Zadvydas* because they had "not even identified a third country to which they plan to remove [the petitioner], much less submitted a travel document or provided an estimate for how long it would take this unidentified third country to respond." *Id*. at *4. The Court also rejected Respondents' arguments

3:26-cv-00177-RBM-AHG

concerning third country removal "[b]ecause Respondents actively [sought] to remove [the petitioner] to a third country." *Id*. at *6.

Like in *Azzo*, Petitioner's current detention is no longer presumptively reasonable because he has been detained for more than six months following his final removal order. (*See* Doc. 1 at 2.)  Petitioner has also met his initial burden under *Zadvyvas* to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; he was granted withholding of removal to Somalia, established that "third country removal is exceedingly rare, and [noted that] ICE has not been able to remove [him] to a third country for over 7 months." (Doc. 1 at 8–10.)

The Court therefore adopts its reasoning in *Azzo* and applies it here.  For those same reasons, Petitioner's continued detention is no longer reasonable or authorized by statute and is therefore unlawful.  Because Respondents have not yet identified a possible third country for Petitioner's removal and "'offered little more than generalizations regarding the likelihood that removal will occur,' . . .  the Court finds that they have not met their burden to 'respond with evidence sufficient to rebut' Petitioner's showing."  *Azzo*, 2025 WL 3535208, at *4 (quoting *Kamyab v. Bondi*, Case No. C25-389RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025)); *see also Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *6 (S.D. Cal. Jan. 5, 2026) (finding ICE's "good faith" efforts to secure a travel document, without more, do not render detention reasonable).

Additionally, Petitioner claims that "in the unlikely event that ICE were able to remove him to a third country, ICE threatens to do so in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 at 2.)  As an exhibit, Petitioner attaches the July 9, 2025 memo from ICE Director Todd Lyons ("ICE Memo") titled "Third Country Removals Following the Supreme Court's Order in *Department of Homeland Security v. D.V.D.*, No. 24A1153 (U.S. June 23, 2025)."  (Doc. 1-3, Ex. B at 1–3.)  The Court has thoroughly analyzed the ICE Memo in *Azzo* and rejected the same arguments by Respondents.  As such, the Court also adopts its reasoning in *Azzo* concerning the third country removal claim and applies it here.  *See* 2025 WL 3535208, at *6–8 (adopting reasoning and

conclusion in *Esmail v. Noem*, Case No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6–7 (C.D. Cal. Sept. 26, 2025)).)  For the same reasons, Petitioner has demonstrated there is a "'credible threat of enforcement' of [ICE's] third-country removal plan." (Doc. 1 at 10.)  Respondents must therefore provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country.

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to "appropriate conditions" of supervision to be determined by immigration authorities.  *See* 8 C.F.R. § 241.13(h).[2]

2. Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are **PROHIBITED** from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, following the process laid out in *D.V.D. v. United States Dep't of Homeland Sec.*, Civil Action No. 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025).

3. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE:  February 5, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  *See Vlasov v. Bondi*, Case No.: 25-cv-1342-AJB-MSB, 2025 WL 2258582, at *3 (S.D. Cal. Aug. 7, 2025); *Daneshfar v. Facility Admin.*, CASE NO. 2:25-cv-01708-DGE-MLP, 2026 WL 71405, at *1 (W.D. Wash. Jan. 9, 2026).

3:26-cv-00177-RBM-AHG